**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell James Hill,<br><br>    Plaintiff,<br><br>vs.<br><br>Premier Healthcare Services, LLC., et al.,<br><br>    Defendants. | No. CV09-1956-PHX-DGC<br><br>**ORDER** |

Defendants Kelly Johnson and Premier Healthcare Services, LLC ("the Premier Defendants") have filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. #10. The motion is fully briefed. Dkt. ##13, 15. For reasons that follow, the Court will grant the motion.

**I. Background.**

Plaintiff alleges that his religious beliefs prohibit him from having or using a social security number. Dkt. #6, ¶¶ 30-32. Premier is a private company that provides temporary medical staffing services. *Id.* at ¶ 9. Plaintiff worked for Premier for one month. *Id.* at ¶ 49. During Plaintiff's employment, Premier withheld federal and state taxes from Plaintiff's paychecks. *Id.* at ¶¶ 50-52. Plaintiff objected to the withholding and demanded that Premier repay the taxes and never use his social security number in any manner. *Id.* Premier refused, and notified Plaintiff that he could not work for Premier unless he allowed Premier to withhold taxes and report the withholdings to the government using his social security

1 | number. *Id.* at ¶ 54. When Plaintiff refused to allow Premier to do so, Premier terminated his employment. *Id.* at ¶ 65.

Plaintiff filed a claim with the Equal Employment Opportunity Commission against Premier and its owner, Kelly Johnson. The claim was denied. Plaintiff then brought this action against Premier, Johnson, the Commissioner for the Social Security Administration, and the Secretary of the Treasury. Plaintiff asserts the following claims against the Premier Defendants: three § 1983 claims for violations of the Privacy Act of 1974 (Counts I, II, & XI), a § 1983 claim for violation of 42 U.S.C. § 405 for compelling Plaintiff to use a social security number (Count III), a § 1983 claim for violation of 25 U.S.C. § 6109 for compelling Plaintiff to use a social security number (Count IV), four § 1983 claims for violations of the First Amendment (Counts V, VI, XII, & XIII), two claims for violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq. (Count VII & XVII), two claims for violation of Title VII, 42 U.S.C. § 2000e, (Counts VIII & XIX), three § 1983 claims for violations of the U.S. Constitution, Article I, § 2 (Count IX, X, & XIV), a § 1983 claim for violation of the U.S. Constitution, Article I, § 9 (Count XV), and two § 1983 claims for violations of the U.S. Constitution, Article IV, § 2 (Count XVI & XVII). Dkt. #6 at ¶¶ 119-213.

## II. Legal Standard.

When analyzing a complaint for failure to state a claim under Rule 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949,

1 (2009) (citing *Twombly*, 550 U.S. at 556). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

**III. Analysis.**

There are three primary categories of claims against the Premier Defendants, some of which overlap: Title VII claims, RFRA claims, and § 1983 claims. The Premier Defendants contend that any claims against them under these three categories are improper as a matter of law and should be dismissed. The Court agrees.

**A. Title VII Claims.**

Title VII makes it illegal for an employer "to discharge any individual . . . because of such individual's . . . religion[.]" 42 U.S.C. § 2000e-2(a)(1). If an employee makes out a prima facie case of religious discrimination under Title VII, the employer can avoid liability by showing "that it could not reasonably accommodate the employee without undue hardship." *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999) (internal quotations and citation omitted). The Premier Defendants argue that even if Plaintiff has stated a prima facie case of religious discrimination, they cannot be held liable because they could not reasonably have accommodated Plaintiff's beliefs without undue hardship. Dkt. #10 at 6.

In *Sutton*, the plaintiff objected to the use of his social security number and the withholding of taxes. *Id.* When the defendant refused to hire the plaintiff because of this objection, the plaintiff filed suit under Title VII for religious discrimination. *Id.* The Ninth Circuit held that even if the plaintiff stated a prima facie claim for discrimination, the defendant was not liable under Title VII because it would be an undue hardship for an employer to accommodate any objection that would require it to violate federal or state law, including an objection to use of a social security number. *Id.* at 831-32 ("Under federal law, all employers are required to withhold certain income taxes and social security taxes and file a report with the Internal Revenue Service as to each individual employee. These reports

require identification of the employee by social security number. Requiring Defendant to violate these laws in order to accommodate Plaintiff's religious beliefs would result in undue hardship to Defendant." (internal quotations and citation omitted)). In this case, as in *Sutton*, accommodation of Plaintiff's beliefs would constitute an undue hardship to the Premier Defendants. As a result, they cannot be found liable for violation of Title VII. The Court will dismiss the Title VII claims against the Premier Defendants.

**B.      RFRA and § 1983 Claims.**

The Premier Defendants also argue that the RFRA and § 1983 claims must be dismissed because they can be brought against a private employer only when the employer is acting under color of state law. They argue that they were not acting under color of state law when they withheld taxes from Plaintiff's check, used his social security number, and terminated Plaintiff. The Court agrees.

Private parties generally do not act under color of state law. They must be dismissed from a § 1983 or RFRA action unless the plaintiff establishes by more than conclusory allegations that the private party was somehow a state actor. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *see Sutton*, 192 F.3d at 835-36. Plaintiff states in conclusory fashion that the Premier Defendants were acting under color of state law, *see, e.g.*, Dkt. #13, ¶¶ 13, 14, 16, 22, but fails to allege any facts supporting this allegation. *See Price*, 939 F.2d at 708; *Sutton*, 192 F.3d at 841. Plaintiff seems to imply that the Premier Defendants acted under color of law when they withheld taxes and used his social security number, but "in a case involving a private defendant, the mere fact that the government compelled a result does not suggest that the government's action is fairly attributable to the private defendant. Indeed, without some other nexus between the private entity and the government, we would expect that the private defendant is *not* responsible for the government's compulsion[.]" *Sutton*, 192 F.3d at 838 (internal citation and quotation omitted) (emphasis in original). Because the Premier Defendants were not acting under color of state law, all RFRA and § 1983 claims against them will be dismissed.

## IV. Dismissal With Prejudice.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). In this case, Plaintiff's complaint against the Premier Defendants clearly cannot be saved by amendment. The Ninth Circuit has held that an employer in the position of the Premier Defendants does not violate Title VII, and does not become a state actor for purposes of § 1983 and RFRA claims, when it complies with state and federal withholding and reporting requirements. No allegations by Plaintiff will alter this clear law. The Court therefore will dismiss the claims against the Premier Defendants with prejudice.

## V. Other Matters.

On February 9, 2010, Plaintiff filed a motion for extension of time for delivery of his summonses. Dkt. #8. The Court had previously granted Plaintiff until February 19, 2010 to serve his complaint. Dkt. #5. The summons sent to the Premier Defendants arrived on February 10, 2010. Dkt. #9. The summonses sent to the Secretary of the Treasury and the Commissioner of Social Security arrived on February 16, 2010. *Id.* Because these summonses all arrived before February 19, 2010, the request for extension is moot and will be denied. Dkt. #8.

Plaintiff also filed a "motion for judicial notice" of Premier's admissions made in support of its motion to dismiss. Dkt. #14. Because the Court has dismissed all claims against the Premier Defendants, there is no need for the Court to take judicial notice of any statements made by Premier. The Court will deny the motion for judicial notice as moot. Dkt. #14.

**IT IS ORDERED:**

1. The Premier Defendants' motion to dismiss (Dkt. #10) is **granted** with prejudice.
2. Plaintiff's motion for extension of time (Dkt. #8) is **denied as moot**.

3. Plaintiff's motion for judicial notice (Dkt. #14) is **denied as moot**.

DATED this 7th day of April, 2010.

*David G. Campbell*
David G. Campbell
United States District Judge