**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell James Hill, | No. CV09-1956-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Premier Healthcare Services, LLC., et al., | |
| Defendants. | |

Plaintiff Darrell James Hill has filed a motion for reconsideration of this Court's order of April 7, 2010, dismissing Plaintiff's claims against Defendants Premier Healthcare Services, LLC and Kelly Johnson with prejudice. Dkt. #16.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008). Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in

fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has failed to show that any of these circumstances is present in this case. Rather, he contends that this Court should reconsider its order because the Court's dismissal "substantively prejudices plaintiff's action and Plaintiff's rights" and because the Court "based its dismissal of Plaintiff's complaint upon the unsubstantiated general judicial dicta." Dkt. #23 at 2, 4. The Court disagrees. The Ninth Circuit has clearly held that an employer in the position of Premier and Johnson does not violate Title VII, and does not become a state actor for purposes of § 1983 or the Religious Freedom Restoration Act, when it complies with state and federal tax withholding requirements. *Sutton v. Providence St. Joseph Medical Ctr.*, 192 F.3d 826, 830 (9th Cir. 1999). The Court will deny Plaintiff's motion.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Dkt. #23) is **denied**.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge