**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darrell James Hill, | ) | No. CV09-1956-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Premier Healthcare Services, LLC., et al., | ) | |
| Defendants. | ) | |

Defendants the Secretary of the Treasury and the Commissioner of the Social Security Administration ("the Federal Defendants") have filed a motion to dismiss Plaintiff's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) with prejudice. Dkt. #18. Plaintiff Darrell James Hill has responded. Dkt. #25. Defendants Premier Healthcare Services, LLC and Kelly Johnson ("the Premier Defendants"), whom the Court dismissed from this case with prejudice on April 7, 2010, have filed a motion for an award of attorneys' fees. Dkt. #20. Plaintiff has responded. Dkt. #28. For reasons that follow, the Court will grant the Federal Defendants' motion to dismiss with prejudice (Dkt. #18) and will grant the Premier Defendants leave to file a memorandum in support of their motion for attorneys' fees (Dkt. #20).

**I.     Background.**

Plaintiff alleges that his religious beliefs prohibit him from having or using a social security number. Dkt. #6 at ¶¶ 30-32. Plaintiff alleges that he was wrongfully terminated from his position at Premier because he refused to allow Premier to withhold taxes from his

paycheck or use his social security number. Plaintiff brought this action against the Premier Defendants and the Federal Defendants. This Court dismissed the claims against the Premier Defendants with prejudice on April 7, 2010. Dkt. #16.

Plaintiff asserts the following claims against both Federal Defendants: two § 1983 claims for violations of the Privacy Act of 1974 (Counts I, & II), a § 1983 claim for violation of 42 U.S.C. § 405 for compelling Plaintiff to use a social security number (Count III), a § 1983 claim for violation of 25 U.S.C. § 6109 for compelling Plaintiff to use a social security number (Count IV), two § 1983 claims for violations of the First Amendment (Counts V & VI), a claim for violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb, et seq. (Count VII), two § 1983 claims for violations of the U.S. Constitution, Article I, § 2 (Count IX & X), and a § 1983 claim for violations of the U.S. Constitution, Article IV, § 2 (Count XVI). Dkt. #6 at ¶¶ 119-213. Plaintiff brings two claims for violation of 42 U.S.C. § 405 against the Commissioner only (Count XX and XXI). *Id.* at ¶¶ 214-23. He also brings a claim for violation of 26 U.S.C. § 6109 (Count XXII) against the Secretary only. *Id.* at ¶¶ 224-28.

**II.     The Federal Defendants' Motion to Dismiss.**

The Federal Defendants make three primary arguments as to why Plaintiff's claims must be dismissed: (1) this Court has no subject matter jurisdiction because Plaintiff's suit is barred by the doctrine of sovereign immunity, (2) Plaintiff's suit is barred by the Anti-Injunction Act and the Declaratory Judgment Act, and (3) Plaintiff has failed to state a claim on which relief may be granted. Because the Court agrees that Plaintiff's suit against the Federal Defendants is barred by sovereign immunity, the Court need not reach Defendants' other arguments.

**A.     Legal Standard.**

It is well-established that the United States "is immune from suit save as it consents to be sued." *U.S. v. Sherwood*, 312 U.S. 584, 586 (1941). The Court does not have jurisdiction over a suit without such a waiver of sovereign immunity. *Id.*; *see also U.S. v. Mitchell*, 463 U.S. 206, 212 (1983) (concluding that consent to be sued is a "prerequisite for

- 2 -

jurisdiction"). The waiver must be in the form of specific statutory consent, and no officer of the United States can confer jurisdiction by his or her actions. *See U.S. v. Shaw*, 309 U.S. 495, 501 (1940). This doctrine extends to agents or officers of the United States to the extent they are sued in their official capacities and the relief would affect the federal fisc. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985) ("Naming the three appellees as defendants does not keep this action from being a suit against the United States. It has long been the rule that the bar of sovereign immunity cannot be avoided by naming officers and employees of the United States as defendants. Thus, a suit against IRS employees in their official capacity is essentially a suit against the United States."); *Hutchinson v. U.S.*, 677 F.2d 1322, 1327 (9th Cir. 1982); *Land v. Dollar*, 330 U.S. 731, 738 (1974); *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989). The burden is on Plaintiff to show that the government's sovereign immunity has been expressly waived and that the Court has jurisdiction over the suit. *See Cato v. U.S.*, 70 F.3d 1103, 1107 (9th Cir. 1995). If Plaintiff fails to show how his claim against the United States falls within a waiver of sovereign immunity, the Court must dismiss the action for lack of jurisdiction. *See U.S. v. Dalm*, 494 U.S. 596, 608 (1990).

**B.    Analysis.**

Plaintiff seeks an injunction restraining the Federal Defendants from enforcing federal law that requires the withholding of federal taxes. Dkt. #6 at ¶ 229. He also seeks damages of $500,000. *Id.* Because Plaintiff seeks a judgment against the Federal Defendants in their official capacities, and because any judgment would come out of the public fisc and would affect the public administration of taxes, this suit is to be considered a suit against the United States. *Hutchinson*, 677 F.2d at 1327; *Land*, 330 U.S. at 738 (stating that a suit is one against a sovereign where "[t]he 'essential nature and effect of the proceeding' may be such as to make plain that the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration"). Because the case is effectively one against the United States, the Plaintiff must identify a statute that permits suits against the United States under the circumstances presented here. Plaintiff has failed to do so. He alleges that

1 jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1343, 1361, and 42 U.S.C. §§ 1981a, 1983, 1985, 1986, 2000bb et seq., and 2000e et seq. Dkt. #6 at ¶ 5. The Federal Defendants correctly note, however, that none of these statutes expressly waives the sovereign immunity of the United States. Plaintiff does not dispute this contention in his response, nor does he provide any explanation for how the United States has waived its sovereign immunity with respect to his claims. The Court finds that Plaintiff has failed to meet his burden of proving subject matter jurisdiction through a waiver of sovereign immunity. *Dalm*, 494 U.S. at 608.

### C. Dismissal With Prejudice.

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Plaintiff's complaint against the Federal Defendants clearly cannot be saved by amendment. Plaintiff has failed to show that this Court has subject matter jurisdiction over any of his claims. The Court therefore will dismiss the claims against the Federal Defendants with prejudice.

## III. Premier Defendants' Motion for Attorneys' Fees.

The Premier Defendants have filed a motion for attorneys' fees in the amount of $10,502.50 pursuant to 42 U.S.C. § 2000e-5(k), which provides that "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs[.]" This section permits an award of attorneys' fees to a prevailing defendant where "a court finds that [plaintiff's] claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Fees may be awarded to a defendant under this statute only in "exceptional cases" where a plaintiff's case had "'*no* legal or factual basis.'" *Mitchell v. Office of the Los Angeles County Superintendent of Schools*, 805 F.2d 844, 847-48 (9th Cir. 1986) (quoting *Christianburg Garment Co.*, 434 U.S. at 420) (emphasis in original). "[A] district court must resist the 'understandable temptation to engage in *post hoc* reasoning' once a plaintiff has unsuccessfully pursued a claim." *Id.* (quoting *Christianburg*, 434 U.S. at 421-22).

Plaintiff brought an action against the Premier Defendants pursuant to 42 U.S.C. § 2000e. The Court dismissed the claim with prejudice because it clearly was groundless. Dkt. #6 at 43; Dkt. #16; Dkt. #24 at 2 ("The Ninth Circuit has clearly held that an employer in the position of Premier and Johnson does not violate Title VII . . . when it complies with state and federal tax withholding requirements."). Moreover, Plaintiff was aware or should have been aware that his claim was groundless. Before he filed suit in federal court, Plaintiff filed a charge with the Equal Employment Opportunity Commission and was clearly advised that his case lacked merit: "Federal court decisions have found that requiring a social security number from every employee or applicant for employment regardless of any religious objections they may have to using such a number is not a violation of Title VII." Dkt. #6-9 at 18-19. Plaintiff nonetheless chose to bring a groundless claim under 42 U.S.C. § 2000e against the Premier Defendants.

Given these circumstances, the Court is inclined to grant the Premier Defendants' motion for attorneys' fees. The Premier Defendants, however, have failed to comply with Local Rule 54.2, which governs motions for attorneys' fees. The Court will grant leave to the Premier Defendants to file a memorandum in support of the motion for attorneys' fees, that complies fully with Local Rule 54.2, by **June 25, 2010**. Plaintiff shall file a response by **July 9, 2010**. The Premier Defendants shall file a reply by **July 16, 2010.**

**IT IS ORDERED:**

1. The Federal Defendants' motion to dismiss (Dkt. #18) is **granted with prejudice**.
2. The Premier Defendants' request for attorneys' fees shall be briefed under the schedule set forth above.

DATED this 8th day of June, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge