**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darrell James Hill, | ) | No. CV09-1956-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Premier Healthcare Services, LLC., et al., | ) | |
| Defendants. | ) | |

On April 7, 2010, this Court dismissed Plaintiff Darrell James Hill's claims against Defendants Premier Healthcare Services, LLC and Kelly Johnson ("the Premier Defendants") with prejudice. Doc. 16. On April 21, 2010, the Premier Defendants filed a motion for attorneys' fees. Doc. 20. On June 8, 2010, the Court considered the motion for attorneys' fees and stated that "the Court is inclined to grant" the motion. Doc. 30 at 5. The Court noted, however, that the Premier Defendants failed to comply with Local Rule 54.2. The Court granted the Premier Defendants leave to file a memorandum in compliance with that rule. The Premier Defendants filed a memorandum (Doc. 32) and Plaintiff responded (Doc. 35). For reasons that follow, the Court will grant the Premier Defendants' motion for attorneys' fees in the amount of $8,935. Doc. 20.

Under 42 U.S.C. § 2000e-5(k), "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs[.]" This section permits an award of attorneys' fees to a prevailing defendant where "a court finds that [plaintiff's] claim was frivolous,

unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978). Fees may be awarded to a defendant under this statute only in "exceptional cases" where a plaintiff's case had "'*no legal or factual basis.*'" *Mitchell v. Office of the Los Angeles County Superintendent of Schools*, 805 F.2d 844, 847-48 (9th Cir. 1986) (quoting *Christianburg Garment Co.*, 434 U.S. at 420) (emphasis in original). "[A] district court must resist the 'understandable temptation to engage in *post hoc* reasoning' once a plaintiff has unsuccessfully pursued a claim." *Id.* (quoting *Christianburg*, 434 U.S. at 421-22).

Plaintiff brought his action against the Premier Defendants pursuant to 42 U.S.C. § 2000e. The Court dismissed the claim with prejudice because it clearly was groundless. Doc. 6 at 43; Doc. 16; Doc. 24 at 2 ("The Ninth Circuit has clearly held that an employer in the position of Premier and Johnson does not violate Title VII . . . when it complies with state and federal tax withholding requirements."). Moreover, Plaintiff was aware or should have been aware that his claim was groundless. Before he filed suit in federal court, Plaintiff filed a charge with the Equal Employment Opportunity Commission and was clearly advised that his case lacked merit: "Federal court decisions have found that requiring a social security number from every employee or applicant for employment regardless of any religious objections they may have to using such a number is not a violation of Title VII." Doc. 6-9 at 18-19. Plaintiff nonetheless chose to bring a groundless claim under 42 U.S.C. § 2000e against the Premier Defendants. Given this, the Court finds that it is appropriate to grant the Premier Defendants' motion for attorneys' fees.

Plaintiff argues that the Court should not award attorneys' fees because he represented himself and should be held to a less stringent standard than professional attorneys. Doc. 35. While it is true that courts should not hold *pro se* plaintiffs to the same standards as lawyers in reviewing their complaint, *see Haines v. Kerner*, 404 U.S. 519 (1972), the Ninth Circuit has made clear that "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). In this case, Plaintiff filed a complaint despite the fact that he knew or

should have known it was frivolous. The fact that Plaintiff represented himself does not persuade the Court that attorneys' fees are unwarranted.

Under § 2000e-5(k), courts "'must calculate awards for attorneys' fees using the 'lodestar' method, which involves multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate, and if circumstances warrant, adjusting the lodestar to account for other factors which are not subsumed within it[.]'" *Staton v. Boeing Co.*, 327 F.3d 938, 965 (9th Cir. 2003) (internal citations and quotes omitted); *see Caudle v. Bristow*, 224 F.3d 1014, 1029 (9th Cir. 2000); *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1157 (9th Cir. 2002). Counsel for the Premier Defendants spent a total of 39.65 hours defending their clients in this matter. *See* Doc. 32-1 at 16-18 (work history of attorney Elizabeth Murphy, who spent 19.45 hours on the matter at an hourly rate of $400); Doc. 32-1 at 19-23 (work history of attorney Nancy Swift, who spent 20.2 hours on the matter at an hourly rate of $275). The Court finds that the majority of these hours were reasonably expended on the litigation, and that an award of attorneys' fees is appropriate. The Court does not, however, find it appropriate to award attorneys' fees for the time spent preparing the motion for attorneys' fees and the memorandum in support of the motion for attorneys' fees – which is a total of 13.75 hours. As a result, the Court finds that 25.9 hours is a reasonable amount of time for counsel to have spent on this litigation. The Court further finds that an hourly rate of $400 for Ms. Murphy is reasonable given that she practices in the Los Angeles metropolitan area. The Court finds that the hourly rate of $275 for Ms. Swift is reasonable given that she practices in the Phoenix metropolitan area. The total amount of attorneys' fees that the Court will award to the Premier Defendants is $8,935 – 14.5 hours by Ms. Murphy at $400 per hour, plus 11.4 hours by Ms. Swift at $275 per hour.

1 **IT IS ORDERED** that the Premier Defendants' motion for attorneys fees (Doc. 20)
2 is **granted** in the amount of $8,935.
3 DATED this 13th day of August, 2010.

_____
David G. Campbell
United States District Judge