**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Darrell James Hill, | ) | No. CV09-1956-PHX-DGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Premier Healthcare Services, LLC., et al., | ) | |
| Defendants. | ) | |

On August 13, 2010, this Court granted a motion for attorneys' fees filed by Defendants Premier Healthcare Services, LLC and Kelly Johnson. Doc. 38. Plaintiff has filed a motion for reconsideration of the Court's order. Doc. 40.

Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross*, 2008 WL 1776502, at *2. Nor should reconsideration be used to make new arguments or to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

Courts in this district have identified four circumstances where a motion for reconsideration will be granted: (1) the moving party has discovered material differences in fact or law from those presented to the Court at the time of its initial decision, and the party could not previously have known of the factual or legal differences through the exercise of reasonable diligence, (2) material factual events have occurred since the Court's initial decision, (3) there has been a material change in the law since the Court's initial decision, or (4) the moving party makes a convincing showing that the Court failed to consider material facts that were presented to the Court at the time of its initial decision. *See, e.g.*, *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Plaintiff has failed to show that any of these circumstances exist in this case. He argues that the Court, by granting attorneys' fees to Defendants, "forced misprision of felony for Defendants against all facts and truth[.]" Doc. 40 at 2. It is not entirely clear what Plaintiff is arguing, as the allegations against Defendants in this case are civil, not criminal. Nonetheless, the Court finds that Plaintiff has failed to provide sufficient reason for the Court to reconsider its order of August 13, 2010.

**IT IS ORDERED** that Plaintiff's motion for reconsideration (Doc. 40) is **denied**.

DATED this 3rd day of September, 2010.

_____
David G. Campbell
United States District Judge